UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN W BECK, | ) |
| | ) |
|       Plaintiff, | ) |
| v. | )   Case No. 22-cv-3036-MMM |
| | ) |
| UNKNOWN SANGAMON COUNTY | ) |
| SHERIFF'S DEPT EMPLOYEES, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs at the Sangamon County Jail ("Jail").

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## FACTS

Plaintiff, who is a pretrial detainee, alleges that an unidentified law enforcement officer shot him with a taser on or about April 20, 2021, in Springfield, Illinois. After Plaintiff was handcuffed, an unknown law enforcement officer yanked the taser wires from Plaintiff's leg and placed him in a police vehicle. On the way to the Jail, Plaintiff informed two Springfield police

officers that it felt like he was bleeding and there was something wrong with his leg. The officers told Plaintiff to "shut up."

The unknown officer who shot Plaintiff with the taser escorted him into the Jail. Plaintiff told the officer and multiple Jail deputies about his leg. When the deputies searched Plaintiff, they discovered that he was bleeding from a wound on his left leg. Plaintiff again asked for medical attention and was told to "shut the 'F' up." (Doc. 1 at 6). Plaintiff was placed in a holding cell in the booking area of the Jail. His leg continued to "bleed quite badly." *Id*. He requested medical attention each time a deputy came near his cell, but they ignored his requests.

That night, Plaintiff was removed from his cell and taken to a room with several unknown law enforcement officers. He told them about his leg and asked for medical treatment. The officers told Plaintiff he would receive medical attention if he cooperated and answered their questions. Plaintiff's clothes were taken as evidence, and the lower left leg of his pants was soaked in blood. After removing his pants, an unknown jail deputy saw that Plaintiff was bleeding from what looked like a bullet hole in his left leg. Plaintiff was given jail clothes and returned to the booking area. Plaintiff never saw medical staff during his week-long stay at the Jail.

On or about April 27, 2021, Plaintiff was transported to the Livingston County Jail. He informed Officer Lynn that he needed medical attention. A nurse examined his leg and prescribed antibiotics and pain medication. Plaintiff's leg was x-rayed a few weeks later. The x-ray revealed a taser dart lodged in Plaintiff's leg. Plaintiff underwent surgery for the removal of the taser dart at St. James Hospital in Pontiac, Illinois on June 14, 2021.

Plaintiff brings his complaint against Unknown Sangamon County Sheriff's Dept Employees, Unknown Sangamon County Jail Medical Staff, Unknown Sangamon County Jail

Employees, and Unknown Springfield, Illinois City Police Employees. Plaintiff requests compensatory and punitive damages.

## ANALYSIS

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In the case of pretrial detainees, actions for deliberate indifference arise under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, but the same standard applies. *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). A plaintiff alleging deliberate indifference to a serious medical need must show (1) that the defendant knew of the serious medical need, and (2) disregarded that need. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Under the Fourteenth Amendment standard, a pretrial detainee must establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 900 F.3d at 353 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

Here, Plaintiff states enough at the pleadings stage to allege deliberate indifference to his serious medical needs; however, Plaintiff has not identified any of these defendants with particularity. They cannot be served with the lawsuit at this time. Where a prisoner's complaint

states specific allegations describing conduct of individual defendants sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009). "Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

In this case, Plaintiff, will be given an opportunity to propound written discovery requests aimed solely at identifying the unknown defendants. Under the circumstances, the Court finds that the current Sangamon County Sheriff, Jack Campbell, is best-suited to respond to this discovery, and he shall be added as a Defendant in this action (official capacity only) for the sole purpose of identifying the unknown defendants. After that is done, the Sheriff may move to be dismissed. Ultimately, it is Plaintiff's responsibility to provide the Court with the name and service address for these unknown defendants.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim of deliberate indifference to his serious medical needs against Unknown Sangamon County Sheriff's Dept Employees, Unknown Sangamon County Jail Medical Staff, Unknown Sangamon County Jail Employees, and Unknown Springfield, Illinois City Police

4

Employees. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is DIRECTED to add Sangamon County Sheriff Jack Campbell (official capacity only) to the docket as a Defendant. *See* Fed. R. Civ. P. 17(d); Fed. R. Civ. P. 21. The Sheriff will remain a Defendant for the sole purpose of assisting Plaintiff in the identification of the Defendants. After that is done, the Sheriff may move to be dismissed. Plaintiff is placed on notice that it will be his responsibility, through initial disclosures and discovery, to identify the Defendants. The failure to do so will result in their dismissal.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition. Plaintiff shall be provided a copy of all pertinent medical records upon request.

8) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the

U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 4/6/2022

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge